JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YI LIU,<br><br>          Plaintiff,<br><br>          v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director of U.S. Citizen and Immigration Services;<br>ROBERT S. MUELLER, III, Director of Federal Bureau of Investigation;<br>GERALD HEINAUER, Director of the Nebraska Service Center of U.S. Citizen and Immigration Services;<br>MICHAEL MUKASEY, Attorney General of the United States,<br>          Defendants. | No. C 07-4606 PJH<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>Date:       February 20, 2008<br>Time:      9:00 a.m.<br>Courtroom: 3rd, 17th Floor |

**I. INTRODUCTION**

Plaintiff Yi Liu, a citizen of China, and his wife, Xiyun Zhang, although not a named party, ask this Court to issue a writ of mandamus, compelling Defendants to reach a decision on their applications for adjustment of status to legal permanent residents (LPR). Plaintiff also asks the Court to find that Defendants have violated the Administrative Procedure Act (APA) and issue a notice of approval to him and his wife. Mandamus relief exists only where the plaintiff establishes a clear and certain claim. Similarly, relief under the APA proper only if agency action is

Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment
C07-4606 PJH                              1

unlawfully withheld. Here, because no visa is available for Plaintiff, he cannot establish the existence of a clear and certain claim, nor can he demonstrate that agency action has been unlawfully withheld. Accordingly, Defendants' motion for summary judgment should be granted.

## II. ARGUMENT

Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, authorizes the Secretary of the Department of Homeland Security ("Secretary")[1] to adjust to permanent residence status certain aliens who have been admitted into the United States. Adjustment of status is committed to the Secretary's discretion as a matter of law. Section 1255(a) expressly provides:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the [Secretary], in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]

8 U.S.C. 1255(a). An applicant for adjustment of status must meet three requirements: he must apply for such status, be eligible to receive an immigrant visa, and the visa must be immediately available to him at the time he applies. Id. However, the visa must be available to the alien at the time his application is acted upon. 8 C.F.R. § 245.2(a)(5)(ii) ("An application for adjustment of status, as a preference alien, shall not be approved until an immigrant visa has been allocated by the Department of State . . . .").[2]

Congress has placed numerical limitations on employment based visas. 8 U.S.C. § 1151(d). The Department of State ("State Department") coordinates with U.S. Citizenship and Immigration Services ("USCIS") to manage the individual allotment of employment-based visas. Ptaskinska v. U.S. Dept. of State, 2007 WL 3241560, at *1 (N.D. Ill. Nov. 1, 2007). The State Department issues a monthly visa bulletin

> "estimating the number of anticipated visas that will be issued during any

---

[1] On March 1, 2003, the Department of Homeland Security and its United States Citizenship and Immigration Services assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

[2] Plaintiff does not address this regulation in his opposition to Defendants' motion.

>quarter of the fiscal year . . . . The priority date is the date on which USCIS receives and accepts for filing the alien's labor certification in cases for which a labor certification is required before an employer may file Form I-140, which is an Immigration Petition for an Alien Worker."

Id.

In July 2007, the State Department announced that nearly all employment-based visas would be considered current. 84 Interpreter Releases 1441, 1441-42 (July 2, 2007). As a result, USCIS used 60,000 employment numbers, and no employment-based visas were available until the new fiscal year. Id.

In November 2007, the China employment second preference cut-off date was January 1, 2006. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 112 (Nov. 2007). However, in the December 2007 visa bulletin, China employment second preference cut-off dates retrogressed three years, to January 1, 2003. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 113 (Dec. 2007); 84 Interpreter Releases 2709, 2710 (Nov. 19, 2007). The State Department stated that the retrogression was a result of a heavy demand for numbers by USCIS, and cautioned that additional retrogressions could not be ruled out during the second quarter of the fiscal year. In the January and February 2008 bulletin, the cut-off dates have remained at January 1, 2003. U.S. Dep't of State Visa Bulletin, Vol. VIII, No. 114 (Jan. 2008) and No. 115 (Feb. 2008). Plaintiff applied in January 2005 and there are currently no visas available for him.

A.  DEFENDANTS MUKASEY AND MUELLER SHOULD BE DISMISSED

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557; Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007). Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and Defendants Mukasey and Mueller should be

dismissed.[3]

B. <u>PLAINTIFF IS NOT ELIGIBLE FOR ADJUSTMENT OF STATUS</u>[4]

    1.   <u>Plaintiff Lacks An Immediately Available Visa</u>

Plaintiff has no clear right to immediate adjudication, and Defendants have no clear duty to provide it. Plaintiff's applications may not be approved unless Plaintiff is eligible to receive an immigrant visa. *See* 8 U.S.C. § 1255(a)(2) (requiring that adjustment applicant be eligible for an immigrant visa) **and** 8 C.F.R. § 245.2(a)(5)(ii) (forbidding USCIS from approving application unless the State Department has allocated a visa) (emphasis added). Plaintiff's application is based on his second-preference employment visa with a January 1, 2003 priority date. Opposition at 8-13.

As set forth above, the current priority date for visas in Plaintiff's category is for those who applied on or before January 1, 2003. Visa Bulletins (Jan.-Feb. 2008). Because there are no visas available, USCIS cannot adjust Plaintiff's status. 8 U.S.C. § 1255(a)(2). Moreover, while it is possible the priority date could change in Plaintiff's favor, it is by no means clear and certain that Plaintiff will be eligible at any date in the near future. <u>See</u> Visa Bulletin (Jan. 2008) (noting that it is likely that the annual limit for Plaintiff's category will be reached within the next few months, after which the category will become 'unavailable' for the remainder of Fiscal Year 2008). Accordingly, Plaintiff has failed to establish that agency action has been unlawfully withheld, or that mandamus is appropriate. Mandamus is an extraordinary remedy. See <u>Cheney v. United States District Court for the District of Columbia</u>, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); <u>Allied Chemical</u>

---

[3] Defendants concede here that Defendants Gonzalez and Heinauer work for USCIS and are proper defendants.

[4] Plaintiff refers to 8 C.F.R. § 103.2(b)(18), Opposition at 12. This regulation has not been invoked by Defendants and is not relevant. Plaintiff also seems to argue that because visas are available for applicants who applied before January 2003, USCIS should ask for visas for them as well. Opposition at 13. USCIS has no jurisdiction over the Department of State and the issuance of visas.

Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment
C07-4606 PJH                          4

1  Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).

2        2.    Plaintiff's Wife's Claims Are Not Ripe

Plaintiff's wife's application depends on her husband first successfully adjusting his status. Defendants cannot adjudicate her application until her husband's application is decided. See Kheiravar v. Chertoff, 2007 U.S. Dist. LEXIS 35390, *5 (S.D. Cal. May 14, 2007) (dismissing beneficiary's claim for lack of subject matter jurisdiction). Thus, agency action has not been unlawfully withheld, nor is Plaintiff's wife's right to immediate adjudication "clear and certain." Id.

### III. CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to dismiss Defendants Robert Mueller and Michael Mukasey and grant the remaining Defendants' motion for summary judgment as a matter of law because Plaintiff is currently not eligible to adjust his status.

Dated: January 10, 2008                    Respectfully submitted,

                                           JOSEPH P. RUSSONIELLO
                                           United States Attorney


                                                  /s/
                                           ILA C. DEISS
                                           Assistant United States Attorney
                                           Attorney for Defendants